**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MICHAEL L. WINFIELD,**

**Plaintiff,**

**v.** **Case No. 26-CV-478**

**ETHAN KOLINOSKI, and**
**JASMINE FELIX,**

**Defendants.**

---

**ORDER SCREENING THE COMPLAINT**

---

On March 24, 2026, plaintiff Michael L. Winfield, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without the prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

The court has jurisdiction to screen the complaint in light of Winfield's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Winfield was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 24, 2026 Winfield filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On April 8, 2026, the court issued an order requiring Winfield to pay an initial partial filing fee of $1.06 before May 8, 2026. (ECF No. 7.) On April 23, 2026, Winfield paid the fee. The court will grant Winfield's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Winfield was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Winfield's Allegations*

Winfield alleges that on November 30, 2025, he told Correctional Officer Ethan Kolinoski that he was going to kill himself. (ECF No. 1 at 2.) Kolinoski responded "in a taunting manner" that Winfield was not going to kill himself. (*Id.*) When Winfield stated again that he "was for real", Kolinoski walked away. (*Id.*)

A short time later, Winfield got Kolinoski's attention again and showed him an ink pen and a razor and again told Kolinoski he was going to kill himself with those items. (ECF No. 1 at 2.) Kolinoski asked Winfield to give him the items, and Winfield refused. (*Id.*) Kolinoski then walked away, and Winfield cut himself. (*Id.*)

Winfield also states that Dr. Jasmine Felix was on call that day and was contacted "numerous times" regarding Kolinoski's threats of self-harm. (ECF No. 1 at 2.) Winfield alleges that Dr. Felix failed to take any action to prevent Kolinoski from self-harming. (*Id.*)

*Analysis*

Winfield claims that his constitutional rights were violated when the defendants ignored his threats of self-harm. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that

befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In instances of self-harm or suicide, a plaintiff must "allege plausibly that prison staff (1) knew of a significant likelihood that he would imminently attempt suicide and (2) failed to take reasonable steps to prevent his attempt." *Davis-Clair v. Turck*, 714 Fed App'x 605, 606 (7th Cir. 2018).

Winfield sufficiently alleges an Eighth Amendment claim against the defendants. He asserts that they knew that he was going to harm himself yet failed to act. He may proceed on an Eighth Amendment deliberate indifference claim against them.

**THEREFORE, IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Ethan Kolinoski and Dr. Jasmine Felix. Under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Winfield's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Winfield shall collect from his institution trust account the $348.94 balance of the filing fee by collecting monthly payments from Winfield's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Winfield is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Winfield is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Winfield is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Winfield is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Winfield' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Winfield may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 28th day of September, 2026.

BY THE COURT:

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge